IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA GALTERIO, <br><br> Plaintiff, <br><br> v. <br><br> SCI FAYETTE, DEPARTMENT OF CORRECTIONS, and MICHAEL PHILLIPS, <br><br> Defendants. | 2:23-cv-1287 <br><br> Hon. J. Nicholas Ranjan <br><br> Hon. Magistrate Judge Kezia O. L. Taylor |

## MEMORANDUM ORDER

Plaintiff Samantha Galterio brings this lawsuit against her employer SCI Fayette, Pennsylvania Department of Corrections, and former co-worker Michael Phillips, alleging gender discrimination, sexual harassment, and Pennsylvania common law tort claims related to Mr. Phillips's alleged physical and sexual assault of Ms. Galterio. This matter was referred to Magistrate Judge Kezia O. L. Taylor for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is Judge Taylor's memorandum opinion (ECF 29) and order (ECF 30) setting aside the Clerk's entry of default against Mr. Phillips (ECF 18), and Ms. Galterio's objections (ECF 31) to that opinion. The Court construes Judge Taylor's memorandum opinion as a Report & Recommendation, and Ms. Galterio's objections as objections to that Report & Recommendation. The Court reviews the matter *de novo*.

Ms. Galterio's first objection is a complaint about procedure, arguing that the Court does not have the authority to *sua sponte* vacate an entry of default. This argument fails for two reasons.

First, while Rule 55 may "not explicitly" spell out that authority, nothing in the rule requires the Court to wait for a defendant's motion to vacate before doing so. *Compare* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause"), *with* Fed. R. Civ. P. 60(b) ("***On motion and just terms***, the court may relieve a party or its legal representative from a final judgment" (emphasis added)); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008) (highlighting difference in language and concluding district court had authority to *sua sponte* set aside default under Rule 55(c)).

Second, if there were any doubt about it, the Third Circuit has put that doubt to rest, affirming a district court's decision to *sua sponte* set aside a default. *See Feliz v. Kintock Grp.*, 297 F. App'x 131, 137 (3d Cir. 2008) (citing *Judson Atkinson Candies*, 529 F.3d at 386) ("[W]e do not take issue with the District Court's authority to *sua sponte* set aside an entry of default against the Kintock Group employees for good cause[.]"); *see also U. S. ex rel. Dattola v. Nat'l Treasury Emp. Union*, 86 F.R.D. 496, 500 n.11 (W.D. Pa. 1980) (Diamond, J.) (setting aside defaults and dismissing complaints as to those defendants); *Profast Com. Flooring, Inc. v. Landis, Ltd.*, No. 08-1615, 2009 WL 10685544, at *1 (E.D. Pa. Feb. 13, 2009) (denying request for entry of judgment on default and setting aside entry of default for good cause); *Marino v. Usher*, No. 11-6811, 2015 WL 12806510, at *1 (E.D. Pa. May 1, 2015), *aff'd*, 673 F. App'x 125 (3d Cir. 2016) (setting aside default and entering summary judgment in favor of those defendants).

Ms. Galterio next objects to Judge Taylor's analysis of the three relevant considerations for setting aside a default. As for the substance of Judge Taylor's Report & Recommendation, the Court agrees with Judge Taylor's analysis and finds that vacatur of the default is proper.[1] The Court therefore enters the following order.

---

[1] Ms. Galterio refers to the default here as a "default judgment" in her objections. *See generally* ECF 31. That's not quite right. A review of the docket shows that the Clerk

- 3 -

AND NOW, this 13th day of March, 2024, it is **ORDERED** that the Clerk will set aside the Default entered against Defendant Michael Phillips, ECF 18. The Memorandum Opinion (ECF 29) and Order (ECF 30) are hereby adopted as the opinion and order of the Court.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

entered default against Mr. Phillips (ECF 18); Ms. Galterio did not file a motion for default judgment, nor was default judgment entered. This is an important difference because "federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." *Laverick v. Addiego*, No. 14-3443, 2021 WL 3861230, at *1 (D.N.J. Aug. 30, 2021) (quoting Wright & Miller). This is another reason why setting aside the default here was correct.